IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERCONTINENTAL DEVELOPMENT CORPORATION | * * * | |
| v. | * * | Civil No. JFM-12-1791 |
| WELLS FARGO BANK, N.A. | * ***** | |

MEMORANDUM

Plaintiff has filed a first amended complaint after this court gave it leave to do so upon dismissing the original complaint. The sole remaining defendant, Wells Fargo Bank, N.A., has filed a motion to dismiss the first amended complaint. The motion will be denied but plaintiff's claim for damages will be severely limited.

The first count asserts a claim for "Breach of Contract, Violation of Maryland Commercial Code 4-402(A)." In that count plaintiff alleges that defendant wrongfully dishonored 31 checks presented by plaintiff after defendant had frozen plaintiff's account. As a general matter, Maryland Commercial Code 402 does create a claim for wrongful dishonor. However, Maryland law recognizes that "[t]he relationship between a bank and its customer is contractual." *Lema v. Bank of America, N.A.*, 826 A.2d 504, 511 (Md. 2003).

Plaintiff argues that the Wells Fargo Business Account Agreement contained a provision stating that defendant's limits on liability, including its ban on consequential damages, "will not apply where expressly prohibited by the laws governing your account." Nothing in Section 4-402(b), however, expressly prohibited defendant's exclusion of recovery of consequential damages in the Agreement.[1] Accordingly, as plaintiff recognizes by styling its claim in count I

---

[1] I note that the relationship between plaintiff and defendant was a business one. It may be that

as one for "breach of contract" the contract between the parties governs. Because that contract excluded defendant's liability for any consequential damages, plaintiff has failed to state a claim upon which relief can be granted, except possibly for its claim of $168.29 in penalties.

Plaintiff's second claim is for an alleged breach of contract arising from defendant's alleged refusal on a timely basis to permit plaintiff to close its account. Again, plaintiff has not stated any legally cognizable damage it suffered as the result of defendant's alleged refusal to permit plaintiff to close the account. Plaintiff claims that it should be entitled to recover attorneys' fees it expended in causing defendant to close its account. These damages, however, are not recoverable for the breach of contract, and in any event there is no basis for reversing the so-called American rule that generally requires a party to pay its own attorneys' fees in having its right vindicated.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date:  November 13, 2012          ___/s/_____
                                  J. Frederick Motz
                                  United States District Judge

---

in a consumer setting a ban on recovery of consequential damages might be voided if it could be shown that the contract between the parties was one of adhesion.